PEOPLE ex rel. ALLISON v. BOARD OF EDUCATION OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.   February 25, 1898.)

JUDICIAL ACTS—COLLATERAL ATTACK.

> Where the corporation counsel, under authority of Laws 1896, c. 393, § 1, has designated an attorney to appear on behalf of the city in proceedings to acquire real property for the purposes of the board of education, and the bills for such services have been duly presented to the judge for taxation, under section 2, his act in passing upon their amount is a judicial act, which cannot be questioned by the board of education when the attorney applies for a requisition of the board to the comptroller for payment of the bills, according to Laws 1896, c. 728.

Appeal from special term.

Proceeding by the people, on the relation of Thomas Allison, for a writ of mandamus addressed to the board of education of the city of New York.   From an order granting the writ, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and O'BRIEN, JJ.

E. Ellery Anderson, for appellant.

Charles E. Miller, for respondent.

Theodore Connoly, of counsel to the corporation.

RUMSEY, J.   In the year 1896 proceedings were begun to take, for the purposes of the board of education, certain property situated in the city of New York.   In pursuance of the authority granted by section 1 of chapter 393 of the Laws of 1896, the corporation counsel designated the relator to appear before the commissioners who were appointed in those proceedings, and protect the interests of the city.   Such appearance was had pursuant to the designation, and, after the proceedings had been terminated, the relator presented the bill for his fees in each proceeding to the corporation counsel, with an affidavit of its correctness, in the form required by law, with a notice that the bill would be presented to a justice of the supreme court for taxation five days thereafter, as required by the statute.   The bill was accordingly presented to the judge, in pursuance of the notice, and was by him taxed at the sum claimed by the relator.   By chapter 728 of the Laws of 1896 the comptroller of the city of New York was required to issue bonds to a sum mentioned therein, to be known as "School House Bonds," which are to be used in payment for the purchase of school sites, and for the erection of buildings, and fitting up and furnishing them; but it was expressly provided that no expenditure from these proceeds should be authorized or made without the approval and requisition of the board of education.   After the bills of the relator had been taxed pursuant to the notice, he made

application to the appellants here to approve them, and to send a requisition to the comptroller for their payment, which the board of education refused to do. Thereupon this proceeding was begun to require them to take that step. They defend the proceeding upon the ground that the bills are exorbitant, and that proper proof was not furnished to the justice by whom they were taxed, to warrant his taxing the bills at the amount presented. We are of opinion that the defendants cannot raise the question of the propriety of the taxation upon this hearing. The statute intended that these bills should be paid as a portion of the expenses of securing the schoolhouse sites. The amount of these expenses was to be fixed in the manner prescribed by section 2 of chapter 393 of the Laws of 1896, and that was by taxing the bills before a justice of this court on five days' notice to the counsel to the corporation. When the bills were presented to the judge for taxation, it was his duty to pass upon the question of their amount upon such proof as might be before him. His act in so doing was a judicial act, and his conclusion thereon is a determination as to the amount of those bills, which cannot be questioned in any collateral proceeding, and only, if at all, in the same way as other judicial determinations. The appellants, therefore, were not in a situation to raise upon this hearing the question whether the bills were taxed at the proper amount or not. When it had been made to appear to them that the proper steps had been taken to adjust the amount of these bills, and they had been taxed by a judge in the way prescribed by law, the appellants were bound to take the steps dictated by the statute to enable the person whose bills were so adjusted to procure his pay out of the fund provided for that purpose.

The order for a mandamus was, therefore, properly granted, and should be affirmed, with costs and disbursements. All concur.